UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JANET M. TUCKER,          No. 07-10446

     Debtor(s).
_____/

Memorandum on Motion For Annulment of Automatic Stay
_____

  Prior to bankruptcy, debtor and plaintiff Janet Tucker was involved in a dispute with her neighbors, defendants Stephen and Pamela Gach, over the boundary between their properties and Tucker's alleged encroachment. The Gachs were represented by attorney Robert Knox.

  Tucker filed her Chapter 7 petition on April 20, 2007, duly scheduling the Gachs as creditors. Knox, who does not know bankruptcy law, called a bankruptcy practitioner for advice and was told that in the ordinary course of events Tucker's discharge would be entered on July 23, 2007, terminating the automatic stay pursuant to § 362(c)(2)(C) of the Bankruptcy Code.[1]

  Unfortunately for Knox, the bankruptcy did not proceed in the normal course. On July 2, 2007, the bankruptcy trustee filed an adversary proceeding objecting to Tucker's discharge on the grounds that she had intentionally failed to disclose an interest in property in Mexico in her schedules. Pursuant to Rule 4004(c)(1)(b) of the Federal Rules of Bankruptcy Procedure, the filing of this complaint stayed Tucker's discharge. That adversary proceeding was dismissed pursuant to settlement on October 30, 2007, with

---

[1] Tucker's property was abandoned by the bankruptcy trustee on July 31, 2007.

1

Tucker paying $52,000.00 to the trustee. Tucker's discharge was finally entered on February 20, 2008.

In the meantime, on November 15, 2007, Knox filed a state court lawsuit on behalf of the Gachs against Tucker. The complaint sought to quiet title and also sought damages, including punitive damages, for trespass. As soon as Tucker was served, her bankruptcy counsel informed Knox that he had violated the automatic stay. Knox responded by offering to amend his complaint to make it clear that his clients only sought to adjudicate the property rights. Tucker's attorney rejected this offer, and on December 4, 2007, demanded dismissal of the complaint with prejudice plus $1000.00 in damages. Knox declined, concerned that a dismissal with prejudice would permanently bar his clients from dealing with the encroachment. However, On January 25, 2008, Knox dismissed the state court lawsuit without prejudice. With new counsel, the Gachs now seeks an order from the court annulling the automatic stay in order to undo their innocent and harmless violation of the automatic stay.

There is, of course, much more to this motion than a mere motion for annulment. The central character in this little morality play is Tucker's attorney. He is very able and knows the law very well, including cases which hold that an award of attorney's fees to debtor's counsel is mandatory when the debtor brings an action for violation of the automatic stay. He can also be very charming when he wants to be. Unfortunately for the Gachs and the court, he is also litigious, has a mean streak and rudeness comes very naturally to him. He knows how to manipulate an incompetent creditor's attorney into turning a minor violation of the automatic stay into a cause for an adversary proceeding. Once an adversary proceeding is filed, he knows how to alienate the hapless fool with intentional rudeness so that the case will not settle. Thus, he turns a minor stay violation into several tens of thousands of dollars in fees for him. He has done it before, and will continue to do so unless the court can find a way to do justice while adhering to the law. The court suggested this motion to the Gachs, while insisting that they dump Knox and hire a competent lawyer.

When the adversary proceeding came on for trial, the court noted two factors which completely escaped Knox. First, it is not too late to seek annulment. *In re Aheong*, 276 B.R. 233 (9th Cir. BAP 2002). Second, the equities clearly call for annulment. While the court cannot recall ever suggesting a course of

2

action to anyone before, the court suggested such a course to the Gachs as a more palatable result for the court than playing into the hands of Tucker's counsel.

The two primary factors to be considered by the court in considering annulment in order to validate postpetition conduct are "(1) whether the [other party] was aware of the bankruptcy petition; and (2) whether the debtor engaged in unreasonable or inequitable conduct, or prejudice would result to the [other party]." *In re National Environmental Waste Corp.,* 129 F.3d at 1055. These factors are not dispositive; the court may consider all relevant factors in making its ruling. See *In re Newco*, 129 F.3d at 1055; *Burcena v. Bank One*, WL 2915621 (D.Hawaii 2007) [ "A mechanistic application of these factors is inappropriate in making the determination of whether to annul the stay, and one factor alone may be dispositive."].

The Gachs were clearly aware of Tucker's bankruptcy filing. However, they were unaware that Tucker's case was one of those rare cases (perhaps one in a hundred) where the discharge is not granted when scheduled. In the ordinary case, a debtor who files a Chapter 7 proceeding is entitled to a "breathing space" which lasts from the day of filing the bankruptcy petition to 60 days after the meeting of creditors.[2] Tucker had her full breathing space before Knox filed the Gach's complaint. Thus, while the Gach's complaint was a technical violation of the stay it was consistent with the purpose of the stay because it did not intrude on Tucker's "breathing space." See *O'Donnell v. Vencor Inc*., 466 F.3d 1104, 1108 (9th Cir. 2006).

Moreover, the reason why a timely discharge was not granted was Tucker's own bad faith conduct. While she settled the trustee's claim against her rather than face trial, the fact that the trustee ended up with $52,000.00 more than Tucker disclosed in her bankruptcy papers is a strong indication that by claiming damages for violation of the automatic stay she is attempting to capitalize on her own dishonesty. "[D]ebtors who act in bad faith may create situations that are ripe for retroactive relief." *In re Soares*, 107 F.3d 969,

---

[2] § 362(c)(2)(C) of the Code provides that the automatic stay terminates as to the debtor upon entry of discharge; Rule 4004(a) of the Federal Rules of Bankruptcy Procedure sets 60 days after the meeting of creditors as the deadline for objections to discharge and Rule 4004(c) directs the court to issue a discharge at that time if no objection has been filed.

3

977 (1st Cir.1997); see also *In re Kissinger*, 72 F.3d 107, 109 (9th Cir.1995).

Tucker's opposition to this motion entirely misses the mark. She makes the dubious claim that the Gachs' complaint sought to enforce rights were dischargeable. However, all issues regarding dischargeability must be resolved in an adversary proceeding and cannot be determined in the context of a stay relief motion. Rule 7001(6), Federal rules of Civil Procedure; *In re Walker*, 91 B.R. 968, 976 (Bkrtcy.D.Utah1988)[ Issue of dischargeability improperly raised by debtor in response to motion to annul stay]. Moreover, the Gach's complaint was filed and dismissed before Tucker received her discharge and Tucker could have included a claim for declaratory relief regarding dischargeability in her complaint against the Gachs but failed to do so. In short, the dischargeability of the Gachs' claims is, as far as the present motion is concerned, an entire red herring.

The last item the court needs to consider is whether justice requires the court to free the Gachs and Knox from the web woven by Tucker's attorney without consequence. The court concludes that it does not. While there is no justice at all in allowing a lawyer to turn a minor violation of the automatic stay into a ski chalet in Tahoe, there needs to be some consequences for allowing one's self to be a clueless stranger in a strange land. Knox should have realized that he was not in Kansas anymore and retained someone who knew bankruptcy law and was familiar with Tucker's attorney and his games. Accordingly, the Gachs' motion will be granted, provided that within 15 days of entry of an order they tender the sum of $2,000.00 to Tucker's attorney.

Counsel for the Gachs shall submit an appropriate form of order, which shall state that no issues of dischargeability have been adjudicated.

Dated: February 22, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge